IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
THE MONEY SOURCE, INC.          §
                                §
     Plaintiff                  §
                                §        CASE NO.
  v.                            §
                                §
TUTEH C. WYLIE,                 §
DEKONTEE WYLIE,                 §
TAMEKA WYLIE,                   §
INDIVIDUALLY AND AS HEIRS OF    §
AND AS HEIRS OF THE ESTATE OF   §
CHESTENA FRANCES WYLIE A/K/A    §
CHESTENA FRANCES HASKINS WYLIE  §
```

## COMPLAINT

Plaintiff sues the Defendants as follows:

1.  Plaintiff is a corporation, incorporated in and with its principal place of business located in New York of which it is a citizen per 28 U.S.C. § 1332.

2.  The Defendants are individuals, domiciled in and citizens of Texas per 28 U.S.C. § 1332.

3.  Per 28 U.S.C. § 1332, the parties are diverse and the amount in controversy exceeds $76,000.00, per the value of the realty at issue and/or relief from plaintiff's perspective. *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967) Value may be determined by an instrument governing the property, like those at issue. *Waller v. Prof.*, 296 F.2d 547 (5th Cir. 1961) The Court has sole jurisdiction as to the realty at issue. *Wabash v. Adelbert*, 208 U.S. 54 (1907) Per 28 U.S.C. § 1367, jurisdiction exists over

all claims in this case.

4.     Personal jurisdiction exists and is proper per Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and/or the Constitution as the Defendants reside in and/or conduct business in Texas and/or claim interests in the Texas real property at issue.

5.     Under 28 U.S.C. § 1391 and § 124, venue is proper as the Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claim occurred, the location of the real property at issue.

6.     The real property at issue is described as:

LOT 18, IN BLOCK 1, OF LAKES OF BRIDGEWATER, SECTION 4, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF,RECORDED UNDER FILM CODE NO. 449047, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Address: 3123 Lantern Bay Lane, Katy, Texas 77449

7.     On 5/13/14, Richard and Estella Evans, in whom title was vested, executed a Warranty Deed, conveying the Property to Chestena Frances Wylie, [Chestena Wylie], a single woman, recorded 6/18/14, Harris County Instrument No. 20140262928.

8.     On 6/13/14, Chestena Wylie executed a Note in the principal sum of $134,464.00 to Christensen Financial, Inc. to purchase the Property, per a vendor's lien in the Warranty Deed.

9.     On 6/13/14, Chestena Wylie executed a Deed of Trust to Mortgage Electronic Registration Systems [MERS], as nominee for Christensen, securing the Property as collateral for the Note,

recorded 6/18/14, Harris County Instrument No. 20140262929.

10. On 4/11/16, Chestena Wylie died intestate, survived by her children/heirs, Defendants Tuteh Wylie, Dekontee Wylie and Tameka Wylie, per her obituary published by March Funeral Homes.

11. All of Chestena Wylie's rights, interest in and title to the Property vested upon her death in Defendants Tuteh Wylie, Dekontee Wylie and Tameka Wylie, subject to the Deed of Trust.

12. On 8/16/16, MERS executed an Assignment of the Deed of Trust to Plaintiff, recorded 8/24/16, Instrument No. 377650.

13. Christiansen assigned and transferred the Note and/or all interest in the Note to Plaintiff as provided by law.

14. Chestena Wylie and/or Defendants breached Plaintiff's Note/Deed of Trust, still in effect, not making payments and/or not fulfilling other obligations on them, now in default.

15. Plaintiff held and/or owned its Note and/or Deed of Trust and/or claims in this matter and had standing to enforce them prior to commencing suit, their principal balance exceeding $76,000.00, plus attorney's fees as provided by law.

16. All interests in the Property are subject to, subordinate and inferior to Plaintiff's senior interest of which the Defendants had notice and/or knowledge, from which they benefitted and will not be prejudiced or subjected to injustice by the relief sought.

17.    All   conditions   precedent   to   suit   occurred,   were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

18.  Plaintiff  does  not  seek  a  monetary  judgment,  fees, costs or other *in-personam* relief against the Defendants.

### COUNT I: *IN-REM* JUDICIAL FORECLOSURE OF REAL PROPERTY AND RELATED RELIEF AGAINST ALL DEFENDANTS

19.  ¶ 1-18 are incorporated by reference.

20.  Per Tex. Estate Code § 201.103, all right, title and interest in the Property vested in the Defendants upon the death of Chestena Wylie, whose estate was not probated in any court.

21.  The  Defendants  own  the  Property  in  equal  shares, subject to Plaintiff's Note and Deed of Trust, which must be established for Plaintiff to enforce them.

22.  Chestena Wylie and/or Defendants breached Plaintiff's Note/Deed of Trust, failed to make payments and did not otherwise comply with them, still in effect on the Property.

23.  Plaintiff accelerated the principal balance of its Note and Deed of Trust of which Chestena Wylie and/or Defendants were given notice and/or notice was not required and/or is futile.

24. Per 28 U.S.C. § 2201 and § 2001 *et seq*, Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and 37.001 *et seq,* Tex. Prop. Code § 22.001,  §  51.002,  Tex.  Estate  Code  §  202.001  *et  seq*  and applicable  principles,  Plaintiff  requests  the  Court  declare,

establish and judicially foreclose its senior interest in the Property, owned by the Defendants subject to its interest, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Deed of Trust plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

### COUNT II: POSSESSION AND RELATED RELIEF AGAINST THE DEFENDANTS AND/OR ALL OTHERS

25. ¶ 1-24 are incorporated by reference.

26. The Defendants and/or others occupy and possess the Property, which Plaintiff and/or any purchaser at sale is entitled to post-sale possession.

27. Per Fed. R. Civ. P. 64, Tex. R. Civ. P. 310, and applicable principles, Plaintiff requests the Court award possession of the Property to it and/or any other purchaser at sale, ejecting the Defendants and/or any others.

28. The individual Defendants are not currently in and have not been in the military for the last 30 days and are not subject to protection under 50 U.S.C. §3901 *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

a) Per Count I, the Court declare, establish and judicially foreclose its senior interest in the Property, owned by the Defendants subject to its interest, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Deed of Trust plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption;

b) Per Count II, the Court award possession of the Property to Plaintiff and/or any other purchaser at sale, ejecting the Defendants and/or any others; and

c)   All other just and proper relief.

Respectfully submitted this 20th day of February, 2017.

By:   */s/Paul G. Wersant*
      Paul G. Wersant
      ND of TX Bar No. 748341
      Albertelli & Whitworth, P.A.
      100 Galleria Parkway, Suite 960
      Atlanta, Georgia 30339
      Telephone: (770) 373-4242, Ext: 2476
      Fascimile: (770) 373-4260
      Email: pwersant@alaw.net
      Attorneys for Plaintiff
      File No. 16-023017